UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| —————————————————— ) | |
| IN RE APPLICATION OF USA PURSUANT ) | ML No: 25-157 |
| TO 18 U.S.C. § 3512 FOR ORDER FOR ) | |
| COMMISSIONER'S APPOINTMENT FOR ) | |
| A FRAUD INVESTIGATION ) | |
| —————————————————— ) | |

*Reference:*      *DOJ Ref. # CRM-182-93270*

APPLICATION OF THE UNITED STATES FOR AN ORDER
<u>FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512</u>

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §3512,

appointing the undersigned attorney, Radka T. Nations, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from the Republic of Bulgaria.  In

support of this application, the United States asserts:

<u>RELEVANT FACTS</u>

1.      The Supreme Cassation Prosecutor's Office of the Republic of Bulgaria submitted

a request for assistance (the Request) to the United States pursuant to the principles of comity

and reciprocity.

2.      As stated in the Request, Sofia Regional Prosecutor's Office in Bulgaria is

investigating unknown subjects for tax fraud, which occurred in August 2023, in violation of the

criminal law of Bulgaria, specifically, Article 212a, para. 1, in conjunction with Article 26, para.

1, of the Criminal Code of Bulgaria.  Although the United States has no treaty obligation to assist Bulgaria, it generally does so as a matter of comity.

3.     According to Bulgarian authorities, on August 11, 2023, Victim was contacted on Discord by an individual who identified themselves as Max Stoic, a well-known financial broker. Stoic convinced Dimitrov to invest personal funds in copy trading. For this purpose, Victim created an account on the cryptocurrency site www.kraken.com. Victim purchased cryptocurrency on Kraken on August 17, August 21, and August 22, 2023. The total value of the purchases amounted to €11,000 (approximately, $11,543). Immediately after these purchases, the perpetrators transferred the funds from the Kraken wallet to crypto account TXB25kiZ4fC9etFSs7bBqipEluAYa38pgt on *www.marketmindsbroker.com*. After the transfer of funds to *marketmindsbroker*, Stoic gained access to Victim's funds.

4.     On August 25, 2023, *marketmindsbroker* stopped functioning, and Victim assumed that they had been a victim of fraud. Victim contacted Stoic on Discord. Although Stoic provided a reassuring response, Victim filed a fraud report on the Kraken platform. Kraken provided a case reference number 10441450.

5.     On August 29, 2023, Stoic contacted Victim and advised them to create a new account on *assethorizonhub* to recover his funds. However, when Victim attempted to withdraw the money they were blocked. Victim contacted site operators, who informed them that their account was currently inactive and that they needed to transfer 3,300 USDT (a cryptocurrency linked to the US dollar) to activate it. On September 4, 2023, Victim purchased the cryptocurrency from Binance and transferred it to a crypto wallet with the address 0xdD13273B4D8CDc9Ed5f37E6De68d89F02022F3ae on *assethorizonhub*. Victim then tried

again to withdraw their funds, but was informed by site administrators that they would need to pay an SEC tax of $2,692. Victim realized this was a scam and did not transfer the requested fee.

6.    Throughout this period, Victim continued their communication with Stoic. Stoic claimed that he would be stopping work with those platforms and asked Victim to provide the address of his crypto wallet so that Stoic could refund the money. However, after Victim provided their crypto wallet address, Stoic demanded Victim to pay the SEC tax of $2,692. On October 6, 2023, a new account, also claiming to be Stoic, contacted Victim on Discord and pitched the same investment scheme.

7.    To further the investigation, Bulgarian authorities have asked U.S. authorities to provide business records from Kraken pertaining to case reference number 10441450.

## LEGAL BACKGROUND

8.    When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. §3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

>               *                    *                    *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

>               *                    *                    *

> The term "foreign authority" means a foreign judicial authority, a foreign

authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 .S.C. § 3512(a)(1), (c)(3), (h)(2).

9.    Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

10.    An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[2] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[3]  Upon

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512; see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[3] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

11.    Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

<u>REQUEST FOR ORDER</u>

12.    The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.

---

[4] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

In addition, the Request was submitted by an appropriate "foreign authority," the Supreme Prosecutor's Office of Cassation in Bulgaria and seeks assistance in the inevstigation of fraud – a crime in Bulgaria.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., production of business records, falls squarely within that contemplated by Section 3512.  Finally, this application was properly filed in the District of Columbia.

13.    This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

14.    When executing a foreign request for assistance in a criminal matter, Section 3512 authorizes the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

15.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Radka T. Nations, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:     _Radka T. Nations_
Radka T. Nations
Trial Attorney
GA Bar Number 618248
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 307-0665
Radka.Nations@usdoj.gov

7